Michael P. Studebaker, #10027 of
LAW OFFICE OF MICHAEL STUDEBAKER, LLC
Attorney for Plaintiffs
2550 Washington Blvd., Suite 331
Ogden, UT 84401
Telephone 801-627-9100
Fax 801-627-9101

_____

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

_____

| | | |
|---|---|---|
| THE ESTATE OF JESSE TURNBOW & JACINDA SCRUGGS , | : | COMPLAINT |
| Plaintiffs | | Jury Demanded |
| | : | |
| | : | Case No. 1:07-cv-114 |
| vs. | | |
| | : | Hon. Tena Campbell. |
| OGDEN CITY, OFFICER ED MAHON, OFFICER JOHN SATTELMAIR, OFFICER DEREK DRAPER, & MUNICIPAL OFFICIALS JOHN DOE 1-20 | : | |
| Defendants | : | |

_____

**COMES NOW**, Plaintiffs in the above matter, by and through their attorney of

record, Michael Studebaker, and hereby complains against the Defendants as follows:

1.  Plaintiff The Estate of Jesse Turnbow (Turnbow) relates to a decedent who prior to his

death was a resident of Weber County, Utah, and since his death probate has been opened

in Weber County with Jacinda Scruggs being appointed Personal Representative.

2.  Plaintiff Jacinda Scruggs (Scruggs) is the common law spouse of the decedent Jesse

Turnbow and is a resident of Weber County, Utah.

3.  Ogden City is a municipality incorporated under the laws of the State of Utah.

4.  Officer Ed Mahon (Mahon) is a police officer duly authorized by and employed by Ogden City and the Ogden Police Department.

5.  Officer John Sattelmair (Sattelmair) is a police officer duly authorized by and employed by Ogden City and the Ogden Police Department.

6.  Officer Derek Draper is a police officer duly authorized by and employed by Ogden City and the Ogden Police Department.

7.  Defendants John Doe 1-20 are employees of Ogden City whose names are presently unknown, either individual police officers in the Ogden Police Department, or municipal employees acting in a policy-making and supervisory capacity with respect to the individual police officer Defendants and the incidents alleged hereinafter.

8.  This is an action under 42 U.S.C. § 1983 to redress acts by the Defendants acting under color of state law, which acts deprived Turnbow of his civil rights and his life, and Scruggs suffering a loss of consortium.

9.  The civil rights of which Plaintiffs were deprived under color of law are the rights, privileges, and immunities secured to them by the Fifth, and Fourteenth Amendments to the Constitution of the United States, specifically the right to be free of unreasonable seizure and the right to equal protection under the laws and the right to due process of law.

10.  This is also an action under 42 U.S.C. §1983 against Ogden City for gross negligence

and deliberate indifference to the rights, privileges and immunities secured by the

Constitution and laws of the United States to citizens of the State of Utah, including

Plaintiffs, all as expressed in policies, procedures and supervisory actions with respect to the

individual police officer Defendants and actions alleged hereinafter, which gross negligence

and deliberate indifference led to the deprivation of civil rights of the Plaintiffs, including

Turnbow's life and Scruggs' claim of a loss of consortium.

11.  This is also an action under the laws of the State of Utah against Ogden City for the

negligent hiring, supervision and retention of the above named police officers, which

negligent actions led to the deprivation of the civil rights of Turnbow and the loss of

consortium by Scruggs.

12.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3) and 28 U.S.C. §

1331.

13.  The facts giving rise to the claim under 42 U.S.C. §1983 are the same facts as those

giving rise to the claims under Utah Statutory and common law, and as such, the state law

claims are subject to the pendent jurisdiction of this court.

14.  Plaintiff has properly filed a Notice of Claim as required by Utah Code §63-30d0401 *et*

*seq*.

15.  Plaintiff has deposited with the Court the undertaking required by UCA §63-30d-601.

**ALLEGATIONS OF FACT**

16. Plaintiffs adopt by reference paragraphs 1-15 herein.

17. On December 18, 2006 the above named officers were dispatched to an area in Ogden

due to a person walking in the neighborhood allegedly shooting a gun.

18. Officer Mahon was the first officer on the scene, and he was on-duty at the time.

19. Officer Mahon and Turnbow engaged each other, with Office Mahon using his vehicle

as cover and protection.

20. Shortly after Officer Mahon arrived Draper and Sattelmair, both of whom were on-duty,

arrived on the scene.

21. All three officers engaged Turnbow emptying 21 bullets into Turnbow's body, with one

bullet to his face, two bullets to his head, one bullet to his neck, four bullets to his back, five

bullets to his right arm, two bullets to his chest, two bullets to his stomach, two bullets to his

left arm, and one bullet to his left leg.

22. The officers actually shot between 50 and 90 rounds in the area, with the officers rounds

hitting homes, vehicles and anything else that was in the area.

23. The Defendant officers had to reload their service weapons.

24. After the initial engagement by the officers, and well before the full barrage of 21 bullets

were fired into Turnbow's body,  Turnbow placed his weapon in the street and raised his

hands to give up.  He was also using a neighboring tree to hold himself up based on the

number of rounds which the Defendant officers fired into Turnbow's body.

25.  After Turnbow had obviously given up, the officers approached Turnbow and continued to shoot him.

26.  The officers shot Turnobw from a distance of three to five feet away, well away from any safety offered by their vehicles or covered areas.

27.  After the officers had killed Turnbow, they huddled together for a period of approximately five minutes.

28.  On information and belief this meeting after the killing was an attempt by the officers to ensure they all had the same story of what happened and to solidify their claims that they acted properly.

29.  The actions of the officers, acting under authority from Ogden City, were the direct and proximate cause of Turnbow's death.

30.  The actions of the officers, acting under authority from Ogden City, were the direct and proximate cause of Scruggs' loss of consortium.

31.  Plaintiffs allege that Draper has a history of the use of unjustified and excessive police force as demonstrated by an altercation at Union Station in Ogden, Utah, where Draper repeatedly beat a man who had his hands in the air and was not resisting arrest.

32.  On information and belief Draper has other cases of unjustified and excessive use of force.

33.  On information and belief, Plaintiffs allege that the other above-named officers have a history of the use of unjustified and excessive police force.

34.  On information and belief, Plaintiffs allege that Ogden City, acting through supervisory officers in the police department and through the Chief of Police, fostered, encouraged and/or actively turned a blind eye to the known use of excessive and unjustified force in effecting arrests.

35.  On information and belief, Ogden City acting through municipal employees including the Chief of Police, formulated a written or unwritten policy that the use of excessive and unjustified force by Ogden City police officers would be condoned, excused, pardoned, and ignored under even the most egregious circumstances.

36.  On information and belief, the various policies referred to above were known to the individual police officer Defendants and were the direct and proximate cause of the use of excessive force and the deprivation of the Plaintiffs' rights as alleged in this Complaint and the claims of the Plaintiffs.

## FIRST CAUSE OF ACTION

37.  Plaintiffs adopt by reference paragraphs 1-36 herein.

38.  The individual police officer Defendants, acting within the scope and course of their employment by Ogden City and acting under color of state law, used wrongful, unjustified, unreasonable and excessive force such as to deprive Turnbow of his constitutional rights.

39.  The individual police officer Defendants deprived Turnbow of his rights, privileges and immunities including the right to due process of law under the Fifth Amendment of the United States Constitution.

40.  The individual police officer Defendants deprived Turnbow of his rights, privileges and immunities including the right to equal protection of law and due process of law under the Fourteenth Amendment of the Untied States Constitution.

41.   The individual police officer Defendants deprived Scruggs of the consortium of Turnbow.

42.  The individual police officer Defendants violated 43 U.S.C. §1983 by the actions as set forth above.

43.  The individual police officer Defendants; violations of 42 U.S.C. §1983 are the direct and proximate cause of the injuries complained of herein.

## SECOND CAUSE OF ACTION

44.  Plaintiffs adopt by reference paragraphs 1-43 herein.

45.   Ogden City, through its Chief of Police and the supervisory officers of its Police Department, acting under color and pretense of Utah law, deliberately and willfully ignored the prior evidence of dangerous and improper conduct of the individual police officer Defendants and thereby endangered Turnbow.

46.   Ogden City, though its Chief of Police and the supervisory officers of its Police

Department, acting under color and pretense of Utah law, promulgated and carried out a hiring, training and supervisory regime and policy that encouraged the individual police officer Defendants to engage in dangerous and improper conduct and to use unreasonable force in engaging the public, thereby endangering Turnbow.

47.  Ogden City, though its Chief of Police and the supervisory officers of its Police Department, acting under color and pretense of Utah law, by its actions aforesaid, deprived Turnbow of his rights, privileges and immunities including the right to due process of law under the Fifth Amendment of the United States Constitution.

48.  Ogden City, through its Chief of Police and the supervisory officers of its Police Department, acting under color and pretense of Utah law, by its actions aforesaid, deprived Turnbow of his rights, privileges and immunities including the right to equal protection of law and due process of law under the Fourteenth Amendment of the United States Constitution.

49.  Ogden City, through its Chief of Police and the supervisory offices of its Police Department violated 42 U.S.C. § 1983 by the actions as set forth above.

50.  Ogden City's violations of 42 U.S.C. §1983 are the direct and proximate cause of the injuries complained of herein.

### THIRD CAUSE OF ACTION

51.  Plaintiff adopts by reference paragraphs 1-50 herein.

52.  The individual police officer Defendants wrongfully and negligently killed the Plaintiff by the use of excessive force, as describe more particularly above, and their negligent use of excessive force is the direct and proximate cause of damages complained of herein.

53.  At all times material to the negligent and wrongful application of excessive force by the individual police officer Defendants, the individual police officer Defendants were acting within the scope of their employment as police officers of Ogden City.

54.  Ogden City is vicariously liable for the wrongful acts of its employees, the individual police officer Defendants.

**FOURTH CAUSE OF ACTION**

55.  Plaintiffs adopt by reference paragraphs 1-54 herein.

56.   Ogden City, through its Chief of Police and the supervisory officers of its Police Department, negligently and wrongfully failed to properly investigate, hire, supervise, train, test, discipline and monitor one or more of the individual police officer Defendants in their duties as police officers.

57.  The negligent failure of Ogden City to properly investigate, hire, supervise, train, test, discipline and monitor one or more of the individual police officer Defendants in their duties as police officers is the direct and proximate cause of Turnbow's death and Scruggs' loss of consortium.

## FIFTH CAUSE OF ACTION
(intentional infliction of emotional distress)

58.  Plaintiffs adopt by reference paragraphs 1-57 herein.

59.   The actions of the Defendant officers of firing so many bullets, meeting after the shooting, killing a person who had given up, and disregarding the safety of the community is outrageous conduct that should not be condoned.

60.  The actions of the remaining Defendants in condoning such actions of the Defendants officers is also outrageous based on an incomplete investigation of the witnesses and facts of this case.

61.  Based on the actions of the all the Defendants Scruggs has trouble sleeping, feeling safe in her neighborhood, and is in a regular state of shock and dismay and this stems from the outrageous conduct of the Defendants in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief against the Defendants:

A.  For the death of Turnobw, as well as the injury to his dignity, reputation and health, general damages in a reasonable sum not less than $30,000,000;

B.  For special damages to Turnbow for all special damages which may be proved at trial;

C.  For costs and expenses incurred in this proceeding;

D.  For attorney's fees under 42 U.S.C. §1988;

10

E.  For interest on all special damages, and for such other and further relief as the

Court deems just and propre under the circumstances;

F.  In the event that the evidence shows that Defendants engaged in reckless or

willful conduct injuring Plaintiffs, Plaintiffs further pray for punitive damages

against Defendants in an amount to be determined at trial, but not less than three

times the sum of special and general damages awarded;

 G.  Plaintiffs demand a trial by jury.

DATED this the 29th day of August, 2007.


                                                  /s/ Michael P. Studebaker
                                                  Attorney for Plaintiffs