**FILED**
CLERK, U.S. DISTRICT COURT
September 26, 2008 (1:25pm)
DISTRICT OF UTAH

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF JESSE TURNBOW and JACINDA SCRUGGS,<br><br>        **Plaintiffs,**<br><br>v.<br><br>OGDEN CITY, OFFICER ED MAHON, OFFICER JOHN SATTELMAIR, OFFICER DEREK DRAPER, and JOHN DOES 1-20,<br><br>        **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:07cv114**<br><br>**Chief District Judge Tena Campbell**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is the Estate of Jesse Turnbow and Jacinda Scruggs's (collectively, "Plaintiffs") motion to compel the production of the mental health records of Officer Ed Mahon ("Officer Mahon"), Officer John Sattelmair ("Officer Sattelmair"), and Officer Derek Draper ("Officer Draper") (collectively, the "Defendant Officers") from the Defendant Officers and Ogden City (collectively, "Defendants").[2]  The court has carefully reviewed the memoranda and other materials submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of

---

[1] *See* docket no. 23.

[2] *See* docket no. 35.

Utah Rules of Practice, the court elects to determine the motion on the basis of the written

memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

## <u>BACKGROUND</u>

Plaintiffs are seeking the mental health records of the Defendant Officers.  Plaintiffs

argue that the Defendant Officers' mental health records should be produced in discovery

because they are relevant and not subject to the psychotherapist-patient privilege.  In the

alternative, Plaintiffs request that the court review the records in camera to determine the

relevance and discoverability of the records.

On July 2, 2008, the court granted Plaintiffs' alternative request and ordered that the

mental health records be provided to the court for an in camera review.[3]  On August 12, 2008,

counsel for Defendants provided some of the requested records to the court but also indicated

that she experienced some difficulty in obtaining all of the records.  Soon thereafter, however,

counsel for Defendants obtained the remaining mental health records and delivered them to the

court.  Accordingly, the court is now in receipt of the following mental health records:  (1) one

pre-employment mental health evaluation of Officer Mahon, (2) four sets of mental health

records for Officer Sattelmair, and (3) one post-shooting mental health evaluation of Officer

Draper.  The court has conducted an in camera review of the records and now renders the

following ruling on Plaintiffs' motion.

---

[3] *See* docket no. 56.

## DISCUSSION

Plaintiffs argue that the requested records are relevant to their claims against Defendants because the records "can identify whether the officers were fit for duty, were prone to using excessive force, or whether Ogden City knew about these types of issues."[4]  Plaintiffs also assert that the records are not protected by the psychotherapist-patient privilege because none of the Defendant Officers had a reasonable expectation that the records would be kept confidential. *See, e.g.*, *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1020 (N.D. Ill. 2000) ("[T]he threshold requirement for the existence of the psychotherapist[-]patient privilege is that there be an expectation by the patient that the communications with the psychotherapist will remain with the psychotherapist and will not be disclosed to others.").  In response, Defendants assert that pre-employment and post-shooting mental health records of the Defendant Officers have no bearing on the reasonableness of their actions on the night in question.  Defendants further argue that even if the records are deemed relevant, they are protected by the psychotherapist-patient privilege because the Defendant Officers expected that the communications would be kept private.  Accordingly, the court must determine whether the records are relevant and, if so, whether they are protected by the psychotherapist-patient privilege.

Under rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

---

[4] Docket no. 36, at 2.

3

admissible evidence." *Id.* "[A]t the discovery stage, the concept of relevance should be construed very broadly." *Gohler v. Wood*, 162 F.R.D. 691, 695 (D. Utah 1995). Nevertheless, "the [United States] Supreme Court has underscored that 'the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] "a party or person from annoyance, embarrassment, [or] oppression."'" *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 26(b)(1), (c)(1))).

However, even if the mental health records are deemed relevant they still may be protected from discovery by the psychotherapist-patient privilege. In *Jaffee v. Redmond*, the Supreme Court recognized a psychotherapist-patient privilege, holding that "confidential communications between a licensed psychotherapist and [his or] her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." 518 U.S. 1, 16 (1996). While the Court noted that as with "other testimonial privileges, the patient may of course waive the protection," it declined to specify the "full contours" of the privilege or to delineate under what conditions the privilege may be waived. *Id.* n.14, 18.

Since *Jaffee*, federal courts have generally held that mental health records must be protected from discovery unless it can be demonstrated that the patient has no reasonable expectation that the communications will remain private. *See, e.g.*, *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1020 (N.D. Ill. 2000) (concluding that no psychotherapist-patient privilege

existed because prior to the evaluation, the police officer was informed that the evaluation and

testing results would be reviewed by the police chief and the psychologist's written report could

be subpoenaed in a lawsuit); *Kamper v. Gray* 182 F.R.D. 597, 599 (E.D. Mo. 1998) (rejecting

the existence of a psychotherapist patient privilege because the police officer was aware that his

mental health evaluations would be reported to his employer, and thus he "had no reasonable

expectation of confidentiality regarding his communications with [the therapist]").  Accordingly,

"[t]he determinative factor assessing the existence of a psychotherapist-patient privilege is

whether an officer had a reasonable expectation of confidentiality relating to the . . . counseling

session or evaluation."  *James v. Harris Co.*, 237 F.R.D. 606, 611-12 (S.D. Tex. 2006).

## A.  Officer Mahon

Officer Mahon had one mental health evaluation prior to his employment with the Ogden

City Police Department.  The records consist of a letter, a psychological assessment report, and

an employment suitability assessment.  The court has reviewed Officer Mahon's records and

concludes that the information contained within them are relevant to Plaintiffs' claims.  The

court also concludes that the psychotherapist-patient privilege does not apply.  It is clear on the

face of the letter that the records were to be disclosed to the Ogden City Police Department.  At

the bottom of the letter it states, "Detach and retain this summary letter for agency records.

Shred/destroy the attached report after hiring decision, or return to Law Enforcement

Psychological Services, Inc."  Because Officer Mahon knew that his evaluation would be

disclosed as part of the application process, he could not have had a reasonable expectation that

the communications would be kept private.  Accordingly, the psychotherapist-patient privilege does not apply and Officer Mahon's mental health records must be produced.

### B.  Officer Sattelmair

Officer Sattelmair had one mental health evaluation prior to his employment with the Dennis City Police Department.  The records consist of a letter to the Dennis Police Department. The court has reviewed the letter and concludes that it is not protected by the psychotherapist-patient privilege because it was disclosed to a third party, and Officer Sattelmair could not have had a reasonable expectation of privacy.  Nonetheless, the court has determined that the letter is not subject to discovery because the information contained within it is not relevant to Plaintiffs' claims.

As to Officer Sattelmair's remaining mental health records, the court concludes that they are not relevant and, further, that they are protected by the psychotherapist-patient privilege. Officer Sattelmair attended counseling sessions with two different therapists prior to the shooting and with another therapist immediately after the shooting.  It does not appear that these counseling sessions were mandated by his employers.  The court has reviewed these records and determined that they do not contain information that would be relevant to any of Plaintiffs' claims.  Furthermore, Officer Sattelmair had a reasonable expectation that these records would remain confidential.  Accordingly, the court concludes that none of Officer Sattelmair's mental health records are discoverable.

6

### C.  Officer Draper

Officer Draper had one post-shooting mental health evaluation.  The records consist of a letter, a posttraumatic stress interview (the "PTSD interview"), and a social history.  The court has reviewed Officer Draper's records and concludes that the letter and the PTSD interview may be relevant to Plaintiffs' claims but that the social history is not.  Accordingly, the social history is not discoverable.  The court also concludes that the letter is not protected by the psychotherapist-patient privilege because it was disclosed to a third party, and Officer Draper could not have had a reasonable expectation of privacy as to the letter.  Accordingly, the court concludes that the letter is discoverable.

Conversely, Officer Draper has a reasonable expectation of privacy as to the PTSD interview.  Unlike the letter, the PTSD interview was not disclosed to the Ogden City Police Department.  Accordingly, the court concludes that the psychotherapist-patient privilege applies to the PTSD interview, and therefore, it is not subject to discovery.  *See e.g., Caver v. City of Trenton*, 192 F.R.D. 154, 162 (D.N.J. 2000) (holding that the psychotherapist-patient privilege applied to mandatory post-shooting evaluation where no confidential information was disclosed by the psychologist to the police chief but only a "yes" or "no" as to whether the officer was fit to return to duty); *Williams v. District of Columbia*, No. CIV. A. 96-0200-LFO, 1997 WL 224921, at *2 (D.D.C. Apr. 25, 1997) (holding that the psychotherapist-patient privilege applied where an officer was required to undergo a psychological evaluation after killing a suspect, and the psychotherapist merely opined whether the officer was fit to return to duty).

## CONCLUSION

Based on the foregoing, Plaintiffs' motion to compel the production of the mental health records of Officer Mahon, Officer Sattelmair, and Officer Draper[5] is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Officer Mahon's mental health records consisting of a letter, a psychological assessment report, and an employment suitability assessment must be produced to Plaintiffs.

(2) Officer Sattelmair's mental health records are not discoverable.

(3) Officer Draper's mental health records must be produced in part.  The letter to the Ogden City Police Department must be produced to Plaintiffs.  The remaining records consisting of the PTSD interview and social history are not discoverable.

**IT IS SO ORDERED.**

DATED this 26th day of September, 2008.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 35.

8